Exilima LaCroix, *Admx. vs.* Ovila Frechette.

MARCH 28, 1929.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

Stearns, J. This is an action on the case for negligence to recover damages for the accidental death of one Alfred LaCroix while in the defendant's employ.

The allegations of negligence are: in the first count that defendant furnished a defective staging or equipment, in the second that he employed incompetent fellow workmen.

At the conclusion of the evidence, the trial justice denied plaintiff's motion to add another count to the declaration and directed a verdict for the defendant. The case is here on plaintiff's bill of exceptions; the exceptions pressed are to the above rulings.

There was no evidence to support either of the counts in the declaration.

The real question is on the refusal to allow an amendment to the declaration. The trial justice held that defendant was not an employer who was subject to the provisions of the Workmen's Compensation Act, and for that reason only, refused to allow any amendment. If defendant was subject to this act the amendment should have been allowed. From the evidence it appears that the defendant was engaged in many business activities. He was the proprietor of a drug store on the corner of Broad and Amy streets in the city of Pawtucket. On the same lot, either connected with, or a short distance from the drug store, defendant owned a one-story building facing on Amy street. September 2, 1927, he started to add a second story to this latter building

and to construct a factory for the manufacture of tennis rackets. The first week he employed five carpenters; the next week he employed one more, and a few days later he employed the deceased. These seven men continued to work on the building for two or three weeks, until September 27, the time of the accident.

Defendant did not elect to become subject to the compensation act and claims exemption from its provisions, under the following clause in Section 3: "The provisions of this chapter shall not apply to employers who employ five or less workmen or operatives regularly in the same business."

The full extent of defendant's business activities does not clearly appear in the transcript of evidence, but he had some connection with a meat and grocery business, he ran a drug store, he owned and kept in repair several dwelling houses and tenements, and he was about to start the manufacture of tennis rackets.

Defendant employed and paid a foreman and the other carpenters and exercised some supervision over the construction. At the time of the accident LaCroix and one Letagne were on a staging about ten feet above the sidewalk putting on clapboards on the outside of the building. They had almost finished the work on this side; Letagne told LaCroix he was through; LaCroix said he had but one more clapboard to place and he would then be through. At the suggestion of LaCroix, Letagne went into the building to loosen the screws which held the bolts and supports of the staging. Defendant's testimony is that he stood on the sidewalk within three or four feet of the two men and overheard their conversation; that LaCroix finished his work within a minute or two after Letagne left him and remained seated on the staging without doing anything and he appeared to be in a dazed condition. Ten or fifteen minutes after Letagne went inside, the middle support of the staging, which Letagne loosened, sagged and the loose boards on the staging fell to the sidewalk. LaCroix fell to

the ground and received the injury from which he died. Before he started to loosen the bolts Letagne sent a workman out of the building to warn passersby on the sidewalk. Defendant testified that he also remained on the sidewalk for the same purpose. Defendant says he knew the staging might fall at any time and, although he thought LaCroix was in a dazed condition, he failed to warn him of his peril or to make any effort to prevent Letagne from continuing to loosen the inside screws. Plaintiff first discovered these facts when the defendant gave his testimony and claims that they are evidence of defendant's negligence which if properly pleaded in the declaration would require the submission of the case to the jury.

Article I, Section 1 of the act, provides that in an action to recover for personal injury or death of an employee resulting from an accident in the course of his employment, it shall not be a defense: (a) that the employee was negligent; (b) that the injury was caused by the negligence of a fellow employee; (c) that the employee has assumed the risk of the injury.

The employment of LaCroix was not of a casual nature (Art. VIII, Sec. 1), and his death resulted from accidental injury in the course of his employment. The act (Section 3) requires regularity in the employment of five or less workmen as the basis of exemption from its provisions. The word "regularly" in the act connotes some uniformity in the practice of the employment of more than five men. An occasional increase in the number of workmen for a few days for some unusual occasion would probably not change the status of the employer. The length of time during which the employment of more than five men continues is also to be considered. If an employer starts a business undertaking with more than five men he would doubtless be subject to the act at once. No exact rule can be stated which will adequately cover all cases and the above considerations are simply of the nature of guide posts for the guidance of employer and employee. The defendant in this case is not

within the exemption, as he employed more than five workmen regularly in the construction of this factory for a considerable time before and at the time of the accident.

The question then is: Were they employed "in the same business"? The compensation act affects the public welfare (*Sayles* v. *Foley*, 38 R. I. 484); it is to be given a liberal construction to fulfill its purpose and to extend its benefits to the largest possible number of employees. *Livingstone Worsted Co.* v. *Toop*, 48 R. I. 368. In Webster's New International Dictionary "business" is defined as any regular occupation or employment habitually engaged in, especially for livelihood or gain; also a temporary or special occupation.

Considering the purpose and scope of the whole act it is clear that the phrase in Section 3, "in the same business" is not restricted either by its terms or meaning, to employment in the usual or principal business of the employer. Such business may be any one of the employer's business activities which are carried on for the purpose of gain or for the securing of a livelihood.

The trial justice held that the accident was due to the negligence of a fellow servant, which was a bar to any action against the defendant. For the reasons stated this was not in the circumstances a defence. If the employer knew the peril to his employee and could have protected him, his failure so to do is evidence of negligence.

The refusal to allow any amendment to the declaration was error and this exception is sustained.

The exception to the direction of the verdict is sustained.

The case is remitted to the Superior Court for a new trial with direction to that court to allow the plaintiff to amend the declaration.

*Fitzgerald & Higgins, Margaret M. Fitzgerald,* for plaintiff.
*James E. Brennan,* for defendant.