## BROWN & SHARPE MANUFACTURING COMPANY *vs.* CLARA M. VINCENT

NOVEMBER 28, 1947.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

CONDON, J. This is an employer's petition for review of a preliminary agreement under which the respondent employee has been receiving compensation for total disability as a result of an injury to the top of her left index finger. After a hearing in the superior court is was decreed that the respondent was no longer incapacitated for work as a result of such injury. From that decree she has appealed to this court.

Respondent rests her appeal on the ground that there was no legal evidence on which to support a finding that she was not *partially* incapacitated. She frankly concedes that there was evidence to support a finding that she was no longer *totally* incapacitated. In other words, she argues that, while the trial justice would have been warranted by the evidence in finding that her incapacity had diminished, he erred in finding that it had ended, because all the evidence showed that she was still suffering from a physical disability.

It appears from the transcript that respondent while working at a hand lathe in petitioner's machine shop suffered a fracture and laceration of the index finger of her left hand on January 3, 1946. She was treated at the shop dispensary and later by her own physician, Dr. Gustave Pozzi, who had not discharged her at the time of the hearing in the superior court, January 20, 1947. She has not returned to work since receiving her injury although requested by the petitioner and advised by Dr. Pozzi to do so. She complained that her finger still pained and that applying force to it, such as was necessary in doing her work at petitioner's shop, caused further pain. At the hearing in the superior court she testified that she was ready to try some light work but not her former work.

As to whether or not she was able to do her former work or should at least try to do it, the trial justice heard the testimony of Dr. Daniel V. Troppoli who had examined

the respondent on March 22, 1946 and again in the courtroom on January 20, 1947.  He also heard the testimony of Charles E. Moffitt, a clerk in the petitioner's industrial department, in charge of rehabilitation of injured workers, who described the nature of respondent's work and the extent of the use required of her left hand in performing that work.  Doctor Troppoli testified that her finger had improved since he first examined it and he felt that she could use the hand tools on her job if the application of too much force was not required of the left hand.  He noted, in examining respondent in the courtroom as she held the tool in her left hand, that the healed finger had a good grip on the tool and that the finger did not stick out.  Moffitt testified that the use of the tool in respondent's left hand while at her work called for very slight pressure on the injured finger.

Doctor Troppoli further testified that there was a 10% loss of function in the second joint of the finger, a 20% or 25% loss in the first joint, and that he could not say when, if ever, it would be normal again.  He also testified that respondent was able to resume her former employment, but admitted on cross-examination that "it would be a good idea to start her off a few hours a day, and increase gradually as the weeks go by."

Doctor Pozzi testified that there was a loss of function of 50% in the second joint and 60% in the first; that he thought she could do light work; and that she probably could try a "burring" job which had been described by a witness for the petitioner and which had been offered to respondent if she did not care to try her regular work.

On this evidence the trial justice, besides finding that respondent was no longer incapacitated for work as a result of her injury, made the following specific findings: "3. That the respondent has been observed in holding the wrench tool in her left hand and she can operate it without real difficulty.  4. That, following examination made of the injured finger by Dr. Troppoli in the presence of the Court,

the Court is convinced that whatever limitation there may be of motion of the joints of said finger is very slight and whatever pressure results to the finger involved in the use of the hand tool is also very slight."

Respondent contends that the uncontradicted evidence established her partial disability and that even the trial justice inferentially at least conceded it in his findings. She argues further that there was no evidence upon which to base his ultimate finding that her disability had ended, or, as he has phrased it, that "respondent is no longer incapacitated for work". This argument is plausible because there is uncontradicted medical evidence of partial disablement of the respondent's finger, but it is not convincing, because under our workmen's compensation act loss of earning capacity must exist to entitle the employee to compensation, and it does not necessarily follow that an admitted physical disability of a bodily member results in a loss of earning capacity. *Ruggiero* v. *Brown & Sharpe Mfg. Co.,* 71 R. I. 178. That fact must be shown. If the employee were the petitioner in the case at bar the burden would be upon her to prove it, but since the employer is the petitioner alleging that respondent's loss of earning capacity has ended or diminished, the burden is on it to establish such allegation by a fair preponderance of the evidence.

In this court we are not concerned with whether or not the petitioner has discharged that burden. We do not weigh the evidence, since, by virtue of G. L. 1938, chap. 300, art. III, §6, the findings of fact by the superior court, in the absence of fraud, are conclusive. What we are concerned with is whether or not there is any legal evidence on which to base those findings, as without such evidence they would be erroneous as a matter of law. *Jillson* v. *Ross,* 38 R. I. 145. True, we examine the transcript, but merely to determine whether or not error in this respect inheres in the decree.

After carefully considering the transcript in the instant case, we are satisfied that there is legal evidence to support the trial justice's findings. Whether respondent could actually do her work without harm to herself and to the full extent of her former earning capacity was for the trial justice to determine on the evidence before him, and he did not err in finding that she was no longer incapacitated for work because of her injury.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Sisson, Fletcher, Worrell & Hodge; Lee A. Worrell,* for petitioner.

*Francis Castrovillari,* for respondent.