CARLO ESPOSITO *vs.* WALSH-KAISER COMPANY, INC.

APRIL 12, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition under the workmen's compensation act, general laws 1938, chapter 300, wherein an employee, who was injured by accident arising out of and in the course of his employment, seeks compensation for partial incapacity. The cause is here on petitioner's

appeal from a decree of the superior court denying and dismissing the petition.

On July 20, 1944 the petitioner, who was fifty-eight years old, sustained a right inguinal hernia and hydrocele when he was struck in the groin by a piece of lumber while working as a carpenter at the respondent's shipyard in Providence. On August 29, 1944, following an operation for the injury, he executed a preliminary agreement with the respondent and its insurance carrier fixing compensation for total incapacity at $20 a week on the basis of an average weekly wage of $70.20. On November 20, 1944 the parties signed a settlement receipt, which was subject to review, stating that the petitioner had returned to work at the average weekly wage specified in the preliminary agreement. Both instruments were duly approved by the director of labor.

The evidence shows that the petitioner returned to work for the respondent and that he continued in its employ until the latter part of February 1945, when he stopped working because, according to him, he could not stand the job to which he had been assigned. On March 19, 1945 the petitioner, with the assistance of counsel, filed a petition for review in the department of labor. This petition is not to be confused with the one now before us. According to the decision of the department of labor on that petition, which was introduced in evidence in the instant case, petitioner submitted a report from his physician which stated that he was then totally disabled. The decision awarded petitioner compensation for *total* incapacity covering certain stated periods and ordered that such compensation payments "be suspended as of May 9, 1945." No appeal was taken by either party from that decision and the compensation thereby awarded was paid by the respondent.

On June 13, 1946 the petitioner brought the petition in the instant case claiming compensation for *partial* incapacity. The respondent filed a general answer denying the allegations of the petition and also a special answer

setting forth that the matters therein relied upon were adjudicated by the decision of the department of labor hereinbefore mentioned.

The petitioner was the only person to testify in the present case at the hearing in the superior court, and no other evidence was introduced by either party at that hearing. The fundamental question in this case was whether the petitioner was partially incapacitated because of his accident of July 20, 1944. In this connection it is to be borne in mind that the petitioner had the burden of proving by a fair preponderance of the evidence a causal connection between his claimed incapacity and the accidental injury. *Enos* v. *Industrial Trust Co.*, 62 R. I. 263. There was no duty on the respondent to prove the contrary. *Rosewater* v. *Jean's Inc.*, 72 R. I. 489.

Petitioner's testimony as to his present physical condition and the cause thereof was quite vague. He had no difficulty in speaking explicitly about his sound health before the accident and the incidents that followed up to the time he finally stopped working; but he lapsed into generalities when he described the cause and condition of his health at the time of the hearing. The following quotations are illustrative: "I feel bad"; or "Nobody hire me in condition like this"; or "I was in very bad condition at that time," referring to the time when he stopped working for respondent. Furthermore, he was evasive and often recalcitrant to the extent of requiring admonishment by the court when inquiry was made of him, especially in cross-examination, as to the nature and extent of his employment after he had stopped working for respondent.

The decree from which the petitioner appealed contains two findings of fact: first, that he took no appeal from the hereinbefore-mentioned decision of the director of labor in 1945; and, secondly, that his present physical condition was not due to the accident. The petitioner contends that he should not have been precluded, as he was by the first finding, from maintaining the present petition for partial

34

incapacity; and as to the second finding he contends that it was erroneous.

We agree with the petitioner's contention respecting the the first finding. By that finding, which concerned a matter without controlling force in the circumstances of this case, the trial justice in effect denied him the right to maintain the present petition. The petitioner's failure to appeal from the decision of the director of labor in 1945 did not preclude him from maintaining the petition under consideration. Examination of the rescript shows that in reaching his conclusion the trial justice relied on *Vincent* v. *Bowen Co.,* 69 R. I. 241. That case, however, is no authority for the proposition that an unappealed decision of the director of labor terminating respondent's liability for *total* incapacity necessarily precludes a claimant from prosecuting a petition for *partial* incapacity. A final adjudication that a claimant is not entitled to compensation for total disability is not res adjudicata, as respondent apparently urged under its special plea, of the whole controversy between the parties arising from a compensable injury. *Bernier* v. *Narragansett Electric Co.,* 56 R. I. 438. The *Vincent* case is therefore inapplicable in the circumstances of this case. In the instant case the unappealed decision of the director of labor was final as to petitioner's right to compensation for total incapacity, but it did not preclude him from raising the question of whether he was entitled to compensation for partial incapacity.

The petition under consideration shows a check mark opposite the printed words "Review of Incapacity" immediately under the printed caption "Petition." Elsewhere upon this form the petitioner plainly claimed compensation solely for partial incapacity. The form of the petition therefore may be somewhat misleading. However, it is clear that when the petition was filed there was no longer in existence an agreement or decree fixing compensation entitling the petitioner to proceed by a petition for review under the provisions of article III, §13, of the act. And it

is equally clear that at the time the parties executed the preliminary agreement they specifically left the whole matter of partial incapacity open for future adjustment. It was then uncertain whether partial incapacity would follow total incapacity, and, if it should, what its nature and duration might be. In view of such uncertainty the preliminary agreement expressly provided that in the event of partial incapacity following total incapacity "a supplementary agreement shall be made" in accordance with the provisions of the workmen's compensation act.

In such circumstances the petitioner should not be denied relief because of a formal inaccuracy in the designation of the petition. We construe the position of the petitioner in the instant case to be that of an employee who, proceeding under art. III, §2, of the act, is seeking relief upon a claim for partial incapacity, as to which the employer and employee have failed to reach an agreement and which is not otherwise concluded. For a similar case, see *Lopes* v. *B. B. & R. Knight, Inc.*, 50 R. I. 16.

We do not agree, however, with the petitioner's contention that on the evidence before him the trial justice was required to find that petitioner's present condition was causally connected with his accident and consequent injury. His testimony as to his impaired physical condition, even though uncontradicted, was so vague and indefinite with reference to the cause of that condition as to be open to different reasonable inferences. That testimony in no way relates such condition to a physical impairment at the site or in the region of the accidental injury of July 20, 1944. In this situation and in the absence of any medical evidence on the point, the trial justice found as a fact that petitioner's present physical condition was not due to that injury. Since there was legal evidence to support such finding and no question of fraud is raised, we are precluded by the act from disturbing it.

The petitioner's appeal is denied and dismissed, the decree

appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram A. Arabian,* for petitioner.

*Boss & Conlan, Francis W. Conlan,* for respondent.