PAT ALLEN, Plaintiff and Appellant, v. SAM SMEDING, Defendant and Respondent.

No. 10141.

Submitted September 23, 1960. Decided November 29, 1960.

357 P.2d 13.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of the fourteenth judicial district, Musselshell County, in favor of the defendant, dismissing plaintiff's complaint in an action brought by plaintiff to recover for personal injuries sustained while in the employment of defendant.

Defendant, Sam Smeding, was engaged in the livestock business in Musselshell County, Montana, and in the usual course of his business he maintained and operated an airplane. Plaintiff, Pat Allen, was hired by defendant on October 5, 1957, as a ranch hand to work on the latter's ranch. Part of plaintiff's duties consisted of looking after the water, salt, and feed for the cattle. Plaintiff also constructed fences and repaired corrals. Plaintiff and defendant began to construct a small hangar for defendant's airplane sometime around Christmas of 1957. This building was located about a quarter of a mile from the ranch house and was to be constructed from notched and peeled logs, and lumber from an old barn which had been torn down. The work on the building was intermittent, but by January 24, 1958, the walls of part of the building had been completed and this portion was ready for roofing. The completed walls were approximately eight feet in height, and the roof at its highest point when completed would be an additional two feet above the ground.

On the morning of January 24, 1958, plaintiff and defendant drove out to the partially completed building in defendant's truck. The truck was a Chevrolet with a flat bed, eight feet wide and fifteen to fifteen and a half feet long. Lumber which was to be used for roofing was piled about two feet high on the bed, sloping from the edge toward the center. The bed of the truck was about forty-eight inches above the ground.

On arrival at the site of the building, about 9:30 or 10:00 in the morning, the defendant backed the truck in between the erected walls. The plaintiff and the defendant got on the back of the truck on top of the lumber and began measuring the boards to be used on the roof. The ascent was made by grasping the stock rack at the front of the bed as a handhold and then stepping from the running board to the flat bed. The boards were too long and defendant asked plaintiff to get down and saw them off at the right length and hand them back up. Plaintiff squatted on the edge of the truck bed, picked up a saw in his right hand, looked for a clean place to land, and jumped. Instead of alighting on two feet as he had planned, plaintiff fell to the ground on his left leg, fracturing it.

Plaintiff commenced an action in the district court to recover damages sustained as a result of this injury alleging:

"That it was the duty of the defendant to furnish the plaintiff with a safe place to work. This the defendant negligently and carelessly failed to do. The defendant negligently and carelessly failed to supply plaintiff with adequate scaffolding for the purpose of putting up roofing on said hangar, negligently and carelessly failed to furnish the plaintiff with tools and appliances reasonably required to put up the roofing on said hangar, negligently and carelessly allowed said working area to become and remain rough and littered as hereinbefore alleged and did negligently and carelessly require the plaintiff to work under such conditions"; that as a result of this negligence, plaintiff sustained a broken leg; and that defendant

has failed to elect to come under the Workmen's Compensation Act, sections 92-101, et seq., R.C.M. 1947.

Defendant filed an amended answer which contained a denial of any negligence on his part proximately causing the injuries sustained by plaintiff, and also the affirmative defenses that plaintiff had been guilty of contributory negligence and that he had assumed the risk.

Plaintiff filed a demurrer to this answer contending that defendant's affirmative defenses were insufficient at law upon the facts stated therein. This demurrer was overruled.

The cause came on for hearing on October 9, 1959, and at the close of plaintiff's case, defendant made a motion for non-suit on the ground that "There is no evidence of any negligent act or omission of the defendant which proximately caused the injury and damages complained of", and a motion that certain portions of plaintiff's complaint be stricken. Both motions were granted, and on October 13, 1959, the district court decreed that the complaint be dismissed.

Plaintiff contends that the district court committed error in:

(1) Refusing to allow plaintiff's entire deposition in evidence on redirect examination of plaintiff after a portion thereof had been used by defendant on cross-examination;

(2) Overruling plaintiff's demurrer to defendant's amended answer;

(3) Granting defendant's motion to strike certain portions of the complaint at the close of plaintiff's case;

(4) Granting defendant's motion for nonsuit; and

(5) In refusing to allow plaintiff to answer the following questions:

"Q. Mr. Allen, I direct your attention to the time that you were getting off of this truck on the day you were hurt, did you anticipate danger at that time? * * *

"Q. Mr. Allen, I will ask you whether or not at that time you had any reason to believe that you couldn't make a safe descent? * * *

"Q. Mr. Allen, could you tell us what was on your mind, if anything, at the time you were descending from this truck?"

We will refer to plaintiff's first specification of error hereafter in this opinion.

The crux of plaintiff's second specification of error is the contention that at the time he sustained his broken leg he was engaged in "roof work" and "carpenter work not otherwise specified" which are declared hazardous occupations by section 92-301, R.C.M. 1947, and that pursuant to section 92-201, R.C.M. 1947, defendant is not entitled to the defenses of contributory negligence or assumption of risk in this action. Defendant contends that plaintiff sustained his broken leg while employed in stock raising, and that the provisions of section 92-201 are not applicable because of the specific exception contained in section 92-202, R.C.M. 1947, as follows:

"The provisions of section 92-201 shall not apply to actions to recover damages for personal injuries sustained by household and domestic servants or those employed in farming, dairying, agricultural, viticultural, horticultural, stock or poultry raising, or engaged in the operation and maintenance of steam railroads conducting interstate commerce, or persons whose employment is of a casual nature."

Workmen's Compensation Acts generally exempt from their coverage persons engaged in farming or agricultural pursuits. 90 C.J.S., Workmen's Compensation, § 33. The question whether a particular employee was so engaged within the meaning of the statutory exemption at the time he was injured has been considered by many jurisdictions. See annotations at 7 A.L.R. 1296; 13 A.L.R. 955; 35 A.L.R. 208; 43 A.L.R. 954; 107 A.L.R. 977; and 140 A.L.R. 399.

The cases are not in agreement as to what is the controlling factor in determining whether a particular employee was engaged in farming or an agricultural pursuit. Plaintiff would have us hold that the nature of the particular task, being per-

formed by the employee at the time of his injury, is the crucial test. This, however, is not the correct basis, for it would result in placing Montana farmers and ranchers under the Workmen's Compensation Act in a piecemeal fashion depending on the task any particular farm hand is asked to do.

That coverage under the Montana Workmen's Compensation Act, or the right to claim the exclusion contained in section 92-202, R.C.M. 1947, does not depend on the nature of the particular task the employee is performing at the time he is injured can be best illustrated by a perusal of Williams v. Brownfield-Canty Co., 95 Mont. 364, 26 P.2d 980, and Miller v. Granite County Power Co., 66 Mont. 368, 213 P. 604.

In the Williams case, the employer was the Brownfield Canty Carpet Company of Butte. John Williams, husband of the plaintiff, was an employee of that Company and his usual work was that of a carpet-layer. It was the Company's practice to send Williams out to make collections from time to time. Williams sustained fatal injuries while making a collection. If Williams had been injured while laying carpets, no question would have arisen concerning plaintiff's right to compensation under the Montana Workmen's Compensation Act, however, as it was, the Company claimed that plaintiff was not entitled to an award under the Act because Williams was not engaged in hazardous work as defined by the Act at the time of his injury. This Court, in refuting the company's claim, stated in 95 Mont. at page 373, 26 P.2d at page 982:

"The contention of appellants that Williams was covered while working as a carpet layer, but passed from under the protection of the act when he went out as a collector, is untenable under our statutes."

In the Miller case, the employer was a power company engaged in generating and dispensing electrical power. One Mellen was employed by the power company and resided in a house situated on the power company's land. Mellen hired Charles Miller to help him dig a well on this land for the purpose of

providing water for Mellen's house. Miller was employed by the day and for the one job only. Miller sustained fatal injuries while in the process of digging the well. The administrator of his estate brought an action to recover damages. Defendants defended on the grounds of contributory negligence and assumption of risk. Plaintiff contended that these defenses were not available by reason of section 92-201. Defendants contended that section 92-201 was not applicable because Miller had been a "casual" employee within the purview of section 92-202, R.C.M. 1947. The court just assumed that "well-digging" was a hazardous occupation within the meaning of the Workmen's Compensation Act, and then held that Miller's employment was "casual" within the meaning of section 92-202, and that defendant was entitled to invoke the common-law defenses of contributory negligence and assumption of risk. This is an express rejection of the idea that the nature of the task being performed at the time of injury determines whether the exclusion in section 92-202 is operative.

The whole character of the employment, rather than the pending task or place of performance, must be looked to in order to determine whether a person is engaged in farming or an agricultural pursuit. Mundell v. Swedlund, 59 Idaho 29, 80 P.2d 13; Peterson v. Farmers State Bank of Eyota, 180 Minn. 40, 41, 230 N.W. 124.

In Peterson v. Farmers State Bank, supra, the Minnesota Court said:

"A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged happens to be what is ordinarily considered farm labor. The employee of an implement dealer does not become a farm laborer while engaged in correcting the behavior of a self-binder in the grain field of the owner, a farmer and customer of the dealer. Nor would the employee of a well-digger become a farm laborer while stabling horses used on the drilling outfit. But a farmer's

hired man would not cease to be a farm laborer while adjusting harvesting machinery or stabling the horses of a contractor drilling a well on the place. The modern farm laborer doubtless does much work on the rapidly increasing electrical equipment on farms. He continues a farm laborer while he does it. But an electrician sent out from town to do the same thing would not become a farm laborer for the occasion. So also a farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes onto the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one.''

The evidence is uncontradicted that defendant was engaged in the livestock business and that in the usual course of his business he maintained and operated an airplane; that plaintiff was hired on October 5, 1957, to work throughout the winter as a general ranch hand; that his duties as such included repairing fences and corrals, and maintaining water supplies for the cattle; that for several years plaintiff had hired out as a ranch or farm hand; that he had performed some carpenter work on ranches and farms, but had never taken any apprenticeship as a carpenter, nor qualified as a carpenter, nor hired out as a carpenter; that he was injured while helping the defendant build a small hangar for the latter's airplane. In view of these facts, it would be unreasonable to characterize plaintiff's employment as something other than that of a ranch hand engaged in stock raising.

The district court did not commit error in overruling plaintiff's demurrer to defendant's amended answer.

The district court granted defendant's motion to strike from the complaint the following:

(1) From that part alleging ''that while getting off of said truck with said saw in his hand as ordered by the defendant and under the conditions there existing the plaintiff suffered the

injuries hereafter complained of" the words "as ordered by defendant and";

(2) The allegations that "the defendant negligently and carelessly failed to supply plaintiff with adequate scaffolding for the purpose of putting up roofing on said hangar, negligently and carelessly failed to furnish the plaintiff with tools and appliances reasonably required to put up the roofing on said hangar, negligently and carelessly allowed said working area to become and remain rough and littered as hereinbefore alleged"; and

(3) The allegation that defendant had failed to secure payment of compensation to employees by the means set forth in the Workmen's Compensation Act.

Defendant moved to strike the matter in (1) and (2) above, on the ground that there was a total lack of proof in support of these matters. Plaintiff contends that the court committed error in granting the motion because there was proof entered in support of these allegations.

An exhaustive search of the record reveals that there was not one shred of evidence entered either on direct, cross, or redirect examination in support of the allegation that defendant ordered plaintiff to get down off of the truck with the saw in his hand. Likewise, there was no evidence concerning the need for adequate scaffolding, or that defendant failed to provide plaintiff with proper tools and appliances, or that defendant carelessly allowed the working area to become rough and littered so as to render it unsafe.

The district court did not commit error in granting defendant's motion to strike these matters.

For the reasons previously stated concerning the applicability of the Workmen's Compensation Act in this case, the district court did not commit error in striking plaintiff's allegation that defendant had not complied with the Act as such allegation deal with matter which was not properly an issue in this case.

■ If there were no evidence of any negligent act or omission of duty on the part of defendant to support a verdict for plaintiff, the motion for nonsuit was properly granted at the close of plaintiff's case. Burnett v. Northern Pac. Ry., 113 Mont. 253, 124 P.2d 307.

■ "On motion for nonsuit the evidence must be viewed in the light most favorable to plaintiff. Gohn v. Butte Hotel Co., 88 Mont. 599, 295 P. 262; Stranahan v. Independent Nat. Gas Co., 98 Mont. 597, 41 P.2d 39, and every fact must be deemed proved which the evidence tends to prove. Mellon v. Kelly, 99 Mont. 10, 41 P.2d 49; Lesage v. Largey Lumber Co., 99 Mont. 372, 43 P.2d 896; Meinecke v. Intermountain Transportation Co., 101 Mont. 315, 55 P.2d 680; McCulloch v. Horton, 102 Mont. 135, 56 P.2d 1344." Arrow Agency v. Anderson, 137 Mont 494, 355 P.2d 929, 934.

■ Defendant had a duty to use reasonable care to furnish plaintiff with a reasonably safe place in which to work and with reasonably safe tools and appliances with which to perform the duties imposed upon him. Morelli v. Great Northern Ry., 89 Mont. 603, 300 P. 210. This duty was fulfilled if the place and the tools were reasonably safe under the circumstances of the particular case. Sevanin v. Chicago etc. Ry. Co., 62 Mont. 546, 205 P. 825.

■ Viewing the evidence in the light most favorable to plaintiff, it appears that plaintiff was hired as a general ranch hand by defendant; that in the course of such employment he was helping defendant construct a rough log airplane hangar; that on January 24, 1958, while so helping defendant, plaintiff jumped off the flatbed of a truck which was parked inside the partially completed hangar; that plaintiff was not told to jump off the truck, but merely to get down and saw off some boards; that the outside of plaintiff's left foot struck something as he landed; that this caused him to fall and break his leg; and that as he lay on the ground after breaking his leg, plaintiff observed some wood chips and sawdust on the

ground. There is nothing in the record tending to indicate what it was that plaintiff's foot struck as he landed on the ground, nor was there any evidence indicating that defendant had in any manner failed in his duty to provide his employee with a reasonably safe place to work and with reasonably safe tools and appliances. This being so, the district court was correct in granting defendant's motion for nonsuit.

Plaintiff's final specification of error is concerned with the district court's sustaining defendant's objection to certain questions asked plaintiff. Plaintiff contends that he should have been allowed to answer the questions as they were pertinent to an element of the affirmative defense of assumption of risk. That is, the requirement that, "In order to put upon the servant the assumption of the risk of a danger, he must not only know of the danger, but he must also know of and *appreciate the dangers arising therefrom."* Boyd v. Great Northern Ry., 84 Mont. 84, 93, 274 P. 293, 295. Emphasis supplied.

In view of the fact that there was no negligence on the part of defendant whatsoever, questions concerning affirmative defenses such as contributory negligence and assumption of risk are unimportant, and therefore, we need not discuss the merits of this specification of error.

Neither is it necessary, in view of our disposition of this cause, to discuss plaintiff's first specification of error.

For the foregoing reasons, the judgment of the district court is affirmed.

MR. JUSTICES BOTTOMLY, ANGSTMAN, ADAIR, and CASTLES concur.