**230 A.2d 837.**

ANTHONY MONIZ *vs.* F. D. McGINN, INC.

JUNE 21, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   This employee's petition was filed on a form provided by the workmen's compensation commission.   It is captioned "Employee's Petition to Review and/or Amend Agreement or Decree Concerning Compensation" and it seeks to amend or modify a June 12, 1963, agreement be-

tween the employer and the employee wherein it was agreed that the employee should, in addition to all other payments, be compensated "at the rate of $27.00 per week for a period of 150 week[s] for the loss of Left leg below knee * * *." On the employee's appeal from an adverse decree of a trial commissioner the full commission did not reach the merits, but instead, finding that it lacked jurisdiction, denied and dismissed the petition without prejudice. The case is here on the employee's appeal from that decree.

A brief recital of undisputed facts will suffice to put the case in perspective. On June 22, 1962, the employee, a truck driver employed by respondent, fractured his left ankle when he fell to the ground from a fork lift truck. Thereafter, on May 27, 1963, he submitted to necessary surgery flowing from the earlier injury and his leg was amputated five inches below the knee. He has been paid for either total or partial incapacity since the date of his injury and has in addition received a payment of $27 for each of the 150 weeks which §28-33-19(e)[1] fixes as the duration of the specific compensation provided for the loss by severance of a foot at or above the ankle.

In this proceeding, the petitioner asks for a proportionate part of the difference between the 150 weeks of specific compensation which he received for the loss of his foot and the 300 weeks of such compensation which he says would have been his entitlement under §28-33-19(a)[2] had his leg

---

[1]The controlling law is that in effect at the time of the amputation. *Sherry* v. *Crescent Co.*, 101 R. I. 703, 226 A.2d 819. The operative statute at that time was G. L. 1956, §28-33-19, as amended by P. L. 1962, chap. 229, and all references herein to §28-33-19 are to that section as it read after the 1962 amendment.

[2]There is conflict between paragraphs (a) and (b) of §28-33-19. The number of weeks for which specific compensation shall be paid for the loss of a leg at or above the knee is fixed in paragraph (a) as 300 and in (b) 255. Construing an earlier version of the same statute the conflict was resolved by giving effect to that provision of the act which gave the employee assistance over the greater period of time. *Davis* v. *Cranston Print Works Co.*, 86 R. I. 196, 133 A.2d 784.

been severed at or above the knee. He relies upon §28-33-19(n) 1 which provides in pertinent part that an employee who sustains a partial loss by severance for any of the injuries specified in paragraphs (a) through (1) of §28-33-19 shall be paid proportionate benefits "* * * for such period of time as the partial loss by severance bears to the total loss by severance."

The employee's contentions were considered and rejected by the trial commissioner. On review the full commission, instead of reaching the merits, rejected the appeal on jurisdictional grounds. It found that the act neither authorized a claim for specific compensation to be resolved on a petition for review nor permitted an agreement for the payment of the benefits for specific compensation to be modified or amended upon such a petition.

Faced with that decision, the employee had two courses available. Since the full commission's decree was "without prejudice," he could have accepted the commission's suggestion[3] and instituted a new action under a different section of the act. Alternatively, he could have challenged the commission's finding that it lacked jurisdiction. He elected the latter course. He does not, however, directly challenge the ruling on jurisdiction. Instead, apparently conceding that the relief he seeks is inappropriate to a petition for review, he contends that the commission should have been liberal instead of technical, and that it should have looked to the substance of his petition rather than to its form. This is the approach of *Proulx* v. *French Worsted Co.*, 98 R. I. 114, 199 A.2d 901, *Esposito* v. *Walsh-Kaiser Co.*, 74 R. I. 31, 58 A.2d 402, and *Lopes* v. *B. B. & R. Knight, Inc.*, 50 R. I. 16, 144 A. 439. The petitioner urges

---

[3]Its decision read: "It is our opinion that the Commission is without jurisdiction to determine the merits of this case in view of the fact that the petitioner has proceeded under the incorrect section of the compensation act * * *."

that a similar approach, if followed here, would have caused the commission to ignore the label which his petition wore and to consider it as if it were an original petition. If it had done that, he concludes, it would have reached the merits and resolved the case favorably to him.

Assuming, as the commission did, that petitioner's claim was cognizable under some other section of the act, a dismissal on jurisdictional grounds was hardly in keeping with the statutory mandate of §28-35-17. It directs the commission to hear petitions for determining controversies arising under the compensation act "* * * as the justice of the case may require * * *." Here the justice of the case was not served when the commission refused to pass on its merits. What was essential was not what the petition was called, but what it sought. Substance, rather than form, should have controlled. So long as the issue of entitlement to proportionate specific compensation was susceptible to adjudication under the act, it was error for the commission to refuse to consider the merits of that issue solely because of a faulty or inaccurate designation of the petition.

In compensation cases we limit our review to determining whether error inheres in the decree of the full commission. Balcom v. Providence Sheraton Corp., 98 R. I. 357, 201 A.2d 913. That limitation precludes us from a resolution of the issues not decided by the commission. It was error for the commission to decide the appeal from the decree of the trial commissioner on jurisdictional grounds. While we do not reach the merits, we hold that the commission should have done so.

The petitioner's appeal is sustained, the decree appealed from is reversed without prejudice, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Abraham Goldstein,* for petitioner.

*Charles H. Anderson,* for respondent.