373 A.2d 173.

JAMES C. TESCHNER vs. ROGER HORAN.

MAY 13, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is an original petition for workmen's compensation benefits. A trial commissioner found that the employee sustained a compensable injury and awarded him benefits for total incapacity, and on appeal the full commission affirmed. The case is now here on the employer's appeal.

The undisputed and uncontradicted evidence is that the employer is the licensed owner and operator of the Stoney Crest Nursery, where he grows rhododendrons and geraniums, and that he is also engaged in a landscaping and gardening business. He described himself as a self-employed nurseryman, arborist and horticulturist. In 1974, the employee, then age 19, was engaged as a summer laborer, as were five other young men. The work force also included a general manager. The employee's assigned tasks consisted of digging, balling and burlapping the plants grown at the nursery; trimming and pruning trees for his employer's customers; and landscaping, spraying, weeding and mowing lawns for those customers. The record does not disclose the exact nature of the work performed by the other summer workers.

On August 6, 1974, the employee, while pruning a tree on the premises of one of his employer's customers, fell more than 40 feet to the ground when the limb on which he was standing broke. Two of his fellow workers were present. As a direct result of that fall, the employee sustained injuries to his back, ribs and chest, and it is for the incapacity thereby sustained that he seeks compensation benefits.

The employer does not question that the employee's injuries were incapacitating or that they were sustained in

the course of his work, connected therewith and referable thereto. Instead, initially and while acting as his own attorney, his defense was that the employee was an independent contractor rather than an employee and hence not covered by the Workmen's Compensation Act. Subsequently, after engaging counsel, he abandoned that defense and contended instead that because he was a licensed nurseryman he was by force of G.L. 1956 (1976 Reenactment) §2-18.1-2(e)[1] a farmer engaged in an agricultural enterprise, and that consequently he was excused by G.L. 1956 (1968 Reenactment) §28-29-5[2] from liability under the Workmen's Compensation Act.

A claim of entitlement to the agriculture exemption raises troublesome questions when the employee's work is agricultural in nature but the employer's business is nonagricultural, or, conversely, when the employer's business is agricultural but the employee's work nonagricultural. The issues are even more bothersome when the employee's work or the employer's business, or both, are diversified, some being agricultural and some nonagricultural. In dealing with these and other similar problems, authorities elsewhere, construing statutes substantially similar to ours, have taken different approaches. The one

---

[1]General Laws 1956 (1976 Reenactment) §2-18.1-2(e) is as follows:

"*Nurseryman.* — The person who owns, leases, manages, or is in charge of a nursery. All persons engaged in operating a nursery are farmers and are engaged in an agricultural enterprise for all statutory purposes."

[2]General Laws 1956 (1968 Reenactment) §28-29-5 is as follows:

"Employers exempt. — The provisions of chapters 29 to 38, inclusive, of this title shall not apply to employers who employ three (3) or less workmen or operatives regularly in the same business or to employers of employees engaged in domestic service of agriculture, except for employers engaged in occupation which the director of labor shall declare hazardous, but employers not engaged in hazardous occupations may, by complying with the provisions of §28-29-8 become subject to the provisions of said chapters."

that commends itself to us as the most reasonable—and it is apparently the majorty view—is that the focus should be, not on the nature and scope of the employer's occupation or business, but on the kind of work the employee is required to perform. And when the employee engages in a variety of tasks, some of which are agricultural and some nonagricultural, the primary concern should be with the overall nature of his work rather than with the particular task he was performing when injured.[3]

The rule we adopt is not that urged by the employer. He contends that the exemption hinges on his own status as a licensed nurseryman, which the statute classifies as agricultural, and he claims that his engagement in that occupation creates an umbrella of immunity. The commission likewise used a different rule, holding that what was decisive was the employee's task at the time he sustained the injury.

We have then a case which was both tried and decided on erroneous assumptions as to the correct rule of law. Normally in a case in this posture we apply the correct rule ourselves, particularly when, as in this case, none of the pertinent testimony is either directly or indirectly contradicted, impeached, or discredited. *McAree* v. *Gerber Prods. Co.*, 115 R.I. 243, 255-56, 342 A.2d 608, 614-15 (1975); *Provencher* v. *Glas-Kraft, Inc.*, 107 R.I. 97, 102-

---

[3]*Melendez* v. *Johns*, 51 Ariz. 331, 345-46, 76 P.2d 1163, 1169 (1938); *Thomas Smith Farms, Inc.* v. *Alday*, 182 So. 2d 405, 409-11 (Fla. 1966); *H. J. Heinz Co.* v. *Cravez*, 236 Ind. 400, 405-07, 140 N.E.2d 500, 503-04 (1957); *Bob White Packing Co.* v. *Hardy*. 340 S.W.2d 245, 247 (Ky. 1960); *Selvey* v. *Robertson*, 468 S.W.2d 212, 215 (Mo. App. 1971); *Allen* v. *Smeding*, 138 Mont. 367, 374, 357 P.2d 13, 17 (1960); *Campos* v. *Tomoi*, 175 Neb. 555, 557-58, 122 N.W.2d 473, 475 (1963); *Hinson* v. *Creech*, 286 N.C. 156, 158, 209 S.E.2d 471, 473 (1974); *Selvey* v. *Unemployment Compensation Bd. of Review*, 185 Pa. Super. 413, 417, 138 A.2d 174, 176 (1958); 1A Larson, *Workmen's Compensation Law* §53.31 at 9-112 to 113; §53.40 at 9-119 to 121 (1973).

03, 264 A.2d 916, 919 (1970). In this case, however, the erroneous theories on which the case was tried and decided have resulted in a record that lacks sufficient evidence of the overall nature and scope of the employee's duties, thus making it impossible for us to apply the rule we adopt today. In these circumstances, fairness to both parties demands that final disposition of the case should await resolution of the doubtful factual issues by the commission, in whose exclusive province the Legislature has placed that duty and responsibility. *D'Andrea* v. *Manpower, Inc.,* 105 R.I. 108, 115, 249 A.2d 896, 900 (1969).

Alternatively, the employer points out that there were only two other employees present when the employee was injured. Consequently, he asserts that he is exempt from liability under §28-29-5 because of the absence of any evidence showing that at the time of the injury he employed more than three workmen regularly in the same business.

Ordinarily, of course, we would include in the count of employees all those engaged in "any one of the employer's business activities which are carried on for the purpose of gain or for the securing of a livelihood." *LaCroix* v. *Frechette,* 50 R.I. 90, 94, 145 A. 314, 315 (1929). That general principle, however, is subject to the exception that agricultural workers who under the statute are not deemed employees for compensation law purposes are excluded from the count. *Blew* v. *Conner,* 310 S.W.2d 294, 298 (Mo. App. 1958); *Town of Wellston* v. *State Indus. Ct.,* 385 P.2d 289, 291 (Okla. 1963); 1A Larson, *Workmen's Compensation Law* §52.31 at 9-97 to 98 (1973).

In determining whether the employer's other employees in this case were agricultural workers, the controlling criteria are the same as those applicable with respect to ascertaining the character of the work done by the injured employee. As to them, however, just as to him, the record does not permit a determination of the general character

of their work, and hence a remand for the resolution of that question is required. Only then can it be decided whether the employer had in his employ the requisite minimum number of employees.

The employer's appeal is sustained on the ground that the commission misconceived the controlling law. The case is remanded to the commission, where the parties may present evidence concerning the overall nature of the employee's work as well as that of his fellow employees. After hearing such evidence, the commission shall enter a new decree not inconsistent with this opinion.

*Edwards & Angell, Jonathan E. Cole, Terrence W. Mahoney,* for petitioner-appellee.

*Joseph L. Breen,* for respondent-appellant.