Manuel CABRAL, Jr.

v.

MACLODYNE CORPORATION.

No. 83–582–Appeal.

Supreme Court of Rhode Island.

July 3, 1986.

Raul L. Lovett, Lovett, Schefrin & Gallogly, Inc., Providence, for petitioner.

Bernard W. Boyer, Boyer, Reynolds & DeMarco, Providence, for respondent.

OPINION

MURRAY, Justice.

This case involves an appeal by Manuel Cabral, Jr. (employee), from a decree of the Workers' Compensation Commission that denied and dismissed his petition to enforce a preliminary agreement with Maclodyne Corporation (employer). The issue before us is predicated on the following facts.

On March 5, 1970, the employee sustained a back injury at work when he assisted other employees in lifting a machine frame. As a result, the employee entered into a preliminary agreement for workers' compensation benefits with the employer. This particular agreement, dated April 23, 1970, was subsequently approved by the director of labor on May 5, 1970.

According to the record, the employee apparently overcame his incapacity and returned to work on or about May 24, 1970. Thereafter, on August 17, 1970, however, the employee reinjured his back while working for the employer. Accordingly, on September 25, 1970, the employee entered into another preliminary agreement for compensation with the employer. This second preliminary agreement was approved by the director of labor on October 5, 1970.

Approximately twelve years later, on May 10, 1982, the employee commenced a petition to enforce the preliminary agreement of September 25, 1970, alleging that the employer had refused to pay in accordance with the terms of the agreement. At the hearing before the trial commissioner, the employee introduced as evidence, in addition to the aforementioned preliminary agreements, a suspension agreement between the parties dated September 21, 1970. The terms of this document indicate that compensation was terminated as of August 23, 1970, and that the employee had returned to work on August 24, 1970. It also set forth that compensation had been paid by the employer for the periods from March 6, 1970, to May 24, 1970, and from August 17, 1970, to August 23, 1970.

In light of the introduction of the suspension agreement, both sides focused their efforts on attempting to discern whether it applied to the second preliminary agreement of September 25, 1970. The evidence at the hearing indicated that although the suspension agreement chronologically preceded the second preliminary agreement by four days, both documents had been stamped "received" by the director of labor on October 1, 1970. The suspension agreement, however, unlike the second preliminary agreement, bore no markings indicating that it had been approved by the director of labor. An explanation for the absence of any approval stamp on the suspension agreement was offered by Michael J. Hanrahan, a witness representing the State Department of Labor. He testified that the department's clerical procedure in 1970 for approving of two or more documents coupled together was to "stamp the top document, whether it be a suspension agreement or a preliminary agreement."

At the hearing's conclusion, the employee argued that due to the chronology of the documents, the suspension agreement had no bearing upon the subsequent preliminary agreement of September 25, 1970. He further alleged that the document last in time should be controlling irrespective of the clerical markings on the pertinent agreements and the inferences that can be drawn from them. Since the second preliminary agreement chronologically occurred subsequent to the suspension agreement, it should be deemed to be in full force and effect. Hence, according to the employee, the employer is still under an obligation to provide him with compensation.

The employer countered by asserting that the testimony presented supported his claim that the preliminary agreement of September 25, 1970 and the suspension agreement were contemporaneous and that the approval of the second preliminary agreement was intended to include the suspension agreement as well. Since the suspension agreement, explains the employer, specifically applies to the preliminary agreement of September 25, 1970, any obligation of the employer to provide compensation has been thereby vitiated.

Notwithstanding the arguments rendered above, the trial commissioner determined that since the employee's petition to enforce was not filed within the ten-year time frame mandated by G.L.1956 (1979 Reenactment) § 28–35–45, he would deny and dismiss his claim.

In response to this decision, the employee sought relief before the appellate commission. After reviewing the record, the appellate commission affirmed the trial commissioner but relied upon a three-year statute of limitations encompassed within § 28–35–57.

The main thrust of the employee's argument before us is that neither the ten-year nor the three-year statutes of limitations are applicable to a petition to enforce. The employee argues that although § 28–35–7 permits a claimant to bring a petition to enforce a workers' compensation agreement approved by the director of labor, there is no language within the statute that limits the time in which such a petition must be brought. The employee goes on to assert that the appropriate statute that should govern petitions to enforce is set forth in G.L.1956 (1985 Reenactment) § 9–1–17, which provides for a twenty-year statute of limitations. The employer, on the other hand, contends that the real issue in the case has nothing to do with applying the proper statute of limitations but instead centers on whether a valid suspension agreement is in effect.

In light of the peculiar evolution of this case, the posture of the issue before us presents a problem in regard to our effort to resolve this controversy. We have continually emphasized that our scope of review is limited to the actions of the appellate commission. *Hughes v. Saco Casting Co.*, 443 A.2d 1264, 1266 (R.I.1982). In our considered judgment we are convinced that the commission acted prematurely in denying and dismissing the instant action on statute-of-limitations grounds without initially determining if the suspension agreement applied to the September 25, 1970 preliminary agreement. For us to determine which of the three above statutes govern the employee's petition to enforce, we would have to presume the existence and validity of the second preliminary agreement. Obviously, the suspension agreement in and of itself created an issue of considerable controversy at the hearing

regarding the legitimacy of the second preliminary agreement. Since, however, the appellate commission made no finding as to whether the suspension agreement pertained to the second preliminary agreement, we would be remiss in our duty as a reviewing appellate court if we utilized the aforementioned presumption and forged ahead with a discussion and resolution of the statute-of-limitations issue. *Moniz v. F.D. McGinn, Inc.*, 102 R.I. 394, 397, 230 A.2d 837, 839 (1967). In light of these circumstances, fairness to both parties dictates that final disposition of the case should await resolution of the doubtful factual issues by the commission, in whose exclusive province the Legislature has placed that duty and responsibility. *Teschner v. Horan*, 118 R.I. 237, 242, 373 A.2d 173, 175 (1977). Hence, we accordingly remand this case to the commission for a determination as to whether the suspension agreement applies to the preliminary agreement of September 25, 1970, and as to what force and effect, if any, the suspension agreement has upon that same preliminary agreement.

Pursuant to the above reasoning and authorities, the employee's appeal is sustained. The decree appealed from is vacated, and the case is remanded for further proceedings consistent with our above instructions.