ALEXANDER M. WHITELAW *vs.* BOARD OF REVIEW OF THE DEPARTMENT OF EMPLOYMENT SECURITY.

NOVEMBER 1, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

PAOLINO, J. This is a petition to review the decision of the board of review of the department of employment security denying the petitioner's claim for benefits under the employment security act. After a hearing thereon before a justice of the superior court a decree was entered affirming the board's decision and denying and dismissing the petition. The cause is before us on the petitioner's appeal from such decree.

The following pertinent facts appear in the record. The petitioner worked for the Hope Webbing Co. for about a year as a "Long chain quiller tender." On October 6, 1960 he left work voluntarily after a dispute with his employer arising from his refusal to do certain work which he claimed was not part of his job. The dispute involved the question whether his job required him to push a cart carrying warps of yarn to the machine operated by him.

On October 13, 1960 he filed a claim for benefits under the act. He was subsequently notified by the director of the department of employment security that under the provisions of G. L. 1956, §28-44-17, as amended, he was disqualified from receiving benefits because he had left his work voluntarily without good cause. He appealed from the director's ruling and requested a hearing before the board. The appeal was heard before an impartial referee appointed by the board under §28-44-42.

Section 28-44-17, entitled "Voluntary leaving without good cause," reads as follows: "* * * an individual who leaves work voluntarily without good cause shall be ineligible for waiting period credit or benefits * * *."

The referee found that petitioner left work voluntarily without good cause and sustained the director's decision. The petitioner appealed to the board, a majority of whom after a hearing affirmed the referee's decision and findings of fact. The petitioner then filed the instant petition in the superior court.

Judicial review of the board's decision is authorized by §28-44-52, but the scope of such review is defined by §28-44-54 in the following language: "The jurisdiction of the reviewing court shall be confined to questions of law, and, in the absence of fraud, the findings of fact by the board of review, if supported by substantial evidence regardless of statutory or common law rules, shall be conclusive."

After hearing the petition the trial justice found that there was substantial evidence before the board to support the finding that petitioner voluntarily left work without good cause. The petitioner contends that the trial justice erred and that he based his decision on an erroneous interpretation of the applicable law.

The narrow issue before us is whether there is substantial evidence in the record to support the board's finding

that petitioner left work without good cause. The determination of this issue depends upon the question whether, in addition to his regular duties as a quiller tender, it was part of his job to push a cart.

Whether a voluntary leaving of work is without good cause is, in the first instance, a question of fact. On this issue the evidence is in conflict. At the hearing before the referee petitioner testified that pushing a cart was not part of his job. On the other hand the transcript of that hearing refers to a report from petitioner's employer, which the referee had before him, stating that pushing a cart was part of his job when there was no one else around. This report was substantial evidence for the board to consider in determining whether petitioner had been asked to perform duties which were not a part of his job and whether he left his work without good cause. The petitioner's contentions to the contrary are without merit.

The board clearly gave no weight to the petitioner's testimony on this issue. The trial justice affirmed the board's findings thereon. After carefully examining all of the authorities cited by the petitioner and after considering all of the issues raised by him we are of the opinion that the trial justice did not err in affirming the findings of the board and in denying and dismissing the appeal.

The appeal of the petitioner is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Joseph E. Marran, Jr.*, for petitioner.

*Marshall B. Marcus*, for respondent.