**MERCANTUM FARM CORP.**

v.

**John F. DUTRA.**

**No. 88–522–M.P.**

Supreme Court of Rhode Island.

April 9, 1990.

William Y. Chaika, Law Offices of William Y. Chaika, Cranston, for plaintiff.

Marc B. Gursky, John Harnett, John Harnett, Ltd., Providence, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court pursuant to the employer's petition for a writ of certiorari to review a decree of the Workers' Compensation Appellate Commission granting the employee benefits. We affirm. The facts of this appeal are as follows.

John F. Dutra (employee or Dutra) filed an original petition with the Workers' Compensation Commission, alleging incapacity attributable to an injury on February 20, 1985. He alleged that he was a "laborer" on a "farm" and sustained injuries to his face and wrist when he fell from a three-wheel motorcycle he was riding in the performance of his duties.

Both parties agree that an injury took place; however, in its pleadings Mercantum Farm Corp. (employer) alleged that since it was engaged in "agriculture" pursuant to G.L.1956 (1979 Reenactment) § 28–29–5 [1] and since employee was "farm labor" pursuant to § 28–29–7,[2] employer was exempt from the Workers' Compensation Act.

Consequently when the matter was heard by the trial commissioner, the focus of employee's testimony related to the issue of whether employer was exempted from the Rhode Island Workers' Compensation Act. Dutra testified concerning his work duties. He stated that he spent 85 percent of his time cutting, splitting, stacking, loading, and delivering wood that had been sold and that at least three other employees performed these same duties. The employee also testified that when he was injured, he was driving a three-wheel motorcycle on the premises in order to show a customer interested in buying wood where the customer could go to cut the wood. Dutra said that he would spend approximately forty-five minutes in the morning tending to animals and that his duties also included planting blueberry bushes. Both a coworker and the owner of the farm testified, however, that Dutra spent a smaller percentage of time on forestry tasks and a greater percentage of time on taking care of the animals and cleaning. Although employer's motion to dismiss the petition was preliminarily denied, it was renewed at the conclusion of the testimony.

On December 30, 1987, the trial commissioner ruled that employee's primary duties were farming in nature, thereby excluding employer from the Workers' Compensation Act. The trial commissioner noted that there was some evidence that employee may have engaged in nonagricultural duties but he relied on *Teschner v. Horan*, 118 R.I. 237, 240–41, 373 A.2d 173, 174–75 (1977), in deciding that in an employment situation with mixed duties (nonagricultural and agricultural) the primary duties control, despite the fact of injury while performing nonagricultural duties.

The employee appealed, and the appellate commission reversed holding that the trial commissioner was in error. Like the trial commissioner, the appellate commission also referred to *Teschner* for guidance and determined that the important factors to be considered in this case should be the kind

1. General Laws 1956 (1979 Reenactment) § 28–29–5 provides:

 "Employers exempt.—The provisions of chapters 29 to 38, inclusive, of this title shall not apply to employers who employ three (3) or less workers or operatives regularly in the same business or to employers of employees engaged in domestic service or agriculture, except for employers engaged in occupations which the director of labor shall declare hazardous, but employers not engaged in hazardous occupations may, by complying with the provisions of § 28–29–8, become subject to the provisions of said chapters."

2. Section 28–29–7 provides:

 "Domestic and farm labor—Small employers.—Domestic servants, farmers, farm labor or employers of less than four (4) workers or operatives are not subject to the provisions of chapters 29 to 38, inclusive, of this title unless their occupations have been declared hazardous by the director of labor under § 28–29–5, after giving due notice and opportunity for hearing to parties concerned."

of work employee was required to perform and the overall nature of employee's work. *Teschner*, 118 R.I. at 240–41, 373 A.2d at 174–75. The appellate commission held that the "overall nature" of Dutra's work was neither agricultural work nor farm labor and thus the liability exemptions in §§ 28–29–5 and 28–29–7 were not applicable. The employer sought review of the decision of the appellate commission in this court.

 In this case, the appellate commission appropriately conducted a de novo review of the record. As such, it is well established that findings of fact by the appellate commission "are, in the absence of fraud, conclusive upon this court if in the record there is any competent legal evidence from which those findings could properly be made." *Leviton Mfg. Co. v. Lillibridge*, 120 R.I. 283, 287, 387 A.2d 1034, 1036–37 (1978); *see Hicks v. Vennerbeck & Clase Co.*, 525 A.2d 37, 41 (R.I. 1987). In this case the appellate commission made a determination of the facts pertaining to the employment duties of the employee, and such facts included a finding that the employee's work was neither agricultural work nor farm labor. The findings of fact by the appellate commission were supported by competent legal evidence, and shall not be disturbed. In addition, although on appeal the employer has questioned the credibility of the employee's testimony regarding his employment duties, it is not the function of the Supreme Court to review the appellate commission's determinations about the credibility and probative force of testimony. *See Leviton Mfg. Co.*, 120 R.I. at 291, 387 A.2d at 1038.

Accordingly the employer's petition for the issuance of a writ of certiorari is denied, the writ heretofore issued is quashed, the decree of the Workers' Compensation Appellate Commission is affirmed, and the papers of the case are remanded to the Workers' Compensation Commission with our decision endorsed thereon.