STATE of Rhode Island DEPARTMENT
OF CORRECTIONS

v.

RHODE ISLAND STATE LABOR
RELATIONS BOARD et al.

No. 96–216–M.P.

Supreme Court of Rhode Island.

Dec. 17, 1997.

See also: 658 A.2d 509.

Ellen Evans Alexander, Providence, for
Plaintiff.

Margaret L. Hogan, New York City, Ger-
ard P. Colbleigh, Thomas S. Hogan, S.
Kingstown, for Defendant.

Before WEISBERGER, C.J., and
LEDERBERG, BOURICER, FLANDERS
and GOLDBERG, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on a petition for certiorari filed by the State of Rhode Island, Department of Corrections (DOC), seeking to review a judgment entered in the Superior Court that affirmed a decision and order of the Rhode Island State Labor Relations Board (the board). In its decision and order the board had found DOC to have violated G.L.1956 § 28–7–13, subsections (6) and (10), by reason of its refusal to bargain with the Rhode Island Brotherhood of Correctional Officers (the union) relating to the wages, hours, and conditions of employment of the employees who occupied positions designated as security specialist. The board had found that this failure to bargain in relation to these employees constituted an unfair labor practice. We quash the judgment of the Superior Court and remand the case with directions that the Superior Court issue an order requiring the board to hold hearings pursuant to § 28–7–9(b)(5), which reads as follows:

> "All charges of unfair labor practices and petitions for unit classification shall be informally heard by the board within thirty (30) days upon receipt of the charges. Within sixty (60) days of the charges or petition, the board shall hold a formal hearing. A final decision shall be rendered by the board within sixty (60) days after hearing on the charges or petition is completed and a transcript of the hearing is received by the board."

The facts of the case insofar as pertinent to this appeal are as follows. On September 9, 1991, the union requested that the board should accrete the position of security specialist into an existing departmental bargaining unit. In response to this request DOC provided the board with a summary of the duties and responsibilities of the security-specialist position. The board conducted an investigation but held no hearing. On January 15, 1992, the board informed DOC that "the position of security specialist does not meet the board's criteria for exclusion based on supervision or confidentiality and should rightfully be included with the bargaining unit."

Notice of that determination was sent by mail to the director of DOC, George C. Vose, to Anthony A. Bucci, personnel administrator, and to John J. Turano, Esquire, who served as state labor relations administrator.

The board did not conduct a formal hearing on the accretion of these employees into the bargaining unit. The DOC did not request a formal hearing on this representation issue. Subsequent to January 15, 1992, DOC and the union entered into collective-bargaining negotiations for a successor to the existing collective-bargaining agreement. During these negotiations DOC declined the union's request to bargain concerning the wages, hours, and working conditions of the security specialists on the ground that this position had not been validly accreted into the bargaining unit.

On March 20, 1992, the union complained to the board that DOC had committed an unfair labor practice by refusing to bargain in relation to these employees. On January 4, 1993, the board issued a formal complaint against DOC for the alleged unfair-labor practice. On January 13, 1993, DOC requested a formal hearing before the board in respect to its decision to include the security specialist position into the bargaining unit. This request was denied on February 10, 1993, on the basis of untimeliness.

Thereafter, the board held a hearing on the issue of the unfair labor practice and issued a determination in the following terms:

> "1. The Union has proven by a fair preponderance of the credible evidence that the Respondent's request for a Formal Hearing on the inclusion of the position of Security Specialist in the bargaining unit in Board Case No. EE–2003, was untimely.

> "2. The Union has proven by a fair preponderance of the credible evidence that the Respondent by its failure to appeal the Board's denial of its request for a Formal Hearing on the inclusion of the position of Security Specialist in the bargaining unit in Board Case No. EE–2003 is now barred by virtue of the Decision in Barrington.

"3. The Union has proven by a fair preponderance of the credible evidence that the Respondent's refusal to bargain with it concerning the wages, hours and working conditions of employees in the position of Security Specialist was a violation of R.I.G.L. 28–7–13(6) and (10)."

The DOC filed a complaint for judicial review pursuant to the Administrative Procedures Act (APA) G.L. 1956 § 42–35–15 and § 28–7–29. The Superior Court upheld the board's decision and order, holding that DOC was guilty of both laches and refusing to bargain.

■ The terms of § 28–7–9(b)(5) require that petitions for unit classification shall be "informally heard by the board within thirty (30) days upon receipt of the charges." The subsection goes on to provide, "[W]ithin sixty (60) days of the charges or petition, the board shall hold a formal hearing."

■ In the case at bar the board held neither an informal nor a formal hearing. In its brief the board argues that its practice has been to hold such hearings only in the event that a party submits a request for such a hearing. In our opinion a practice of a board or agency cannot overcome or negate a statutory imperative. *See Lerner v. Gill,* 463 A.2d 1352, 1358 (R.I.1983). We have held on numerous occasions that when a statute has a plain, clear, and unambiguous meaning, no judicial interpretation is required, and the words will be given full effect in accordance with the plain, expressed intent. *Krupa v. Murray,* 557 A.2d 868 (R.I.1989); *O'Neil v. Code Commission for Occupational Safety and Health,* 534 A.2d 606 (R.I.1987); *Moore v. Rhode Island Share and Deposit Indemnity Corp.,* 495 A.2d 1003 (R.I.1985).

In the instant case the board was commanded by mandatory language to hold first an informal and then a formal hearing. The statute did not require that either party request such a hearing. Under the statute it is obviously and plainly the duty of the board to conduct the required hearing.

■ Since DOC had no duty to make such a request, it certainly did not constitute laches to fail to do so as the board now contends and the Superior Court apparently so held. The doctrine of laches requires that

a party negligently fail to assert a known right in a seasonable manner to the prejudice of an adverse party. *See Rodriques v. Santos,* 466 A.2d 306 (R.I.1983); *Hyszko v. Barbour,* 448 A.2d 723 (R.I.1982). In the instant case DOC had no obligation to make a request for a hearing, and therefore, the suggestion that it negligently delayed in doing so is without merit. In the circumstances of this case the letter to the director of DOC did not constitute a final decision from which an appeal to the Superior Court could be taken. The later refusal of the board to hold a formal hearing was also not a final decision from which an appeal could be taken under § 42–35–15. Neither determination was based upon a record that could be reviewed. The board cannot ignore its statutory obligation and then assert untimeliness on the part of DOC. The justice of the Superior Court erred in upholding the decision and order of the board.

For the reasons stated, the petition for certiorari filed by DOC is hereby granted. The judgment of the Superior Court is quashed. The papers in the case are remanded to the Superior Court with directions to order the board to hold both an informal and a formal hearing pursuant to the provisions of § 28–7–9(b)(5) on the issue of accretion of the security specialist position into the bargaining unit and to vacate its determination of an unfair labor practice.