**LOCAL 400, INTERNATIONAL FEDERATION OF TECHNICAL AND PROFESSIONAL ENGINEERS**

v.

**RHODE ISLAND STATE LABOR RELATIONS BOARD.**

No. 98–589–M.P.

Supreme Court of Rhode Island.

March 24, 2000.

Frederic A. Marzilli, East Providence, for Plaintiff.

Margaret L. Hogan, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on March 6, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised in this petition for certiorari should not be summarily decided. The Rhode Island State Labor Relations Board (board) has sought review of a Superior Court judgment that reversed a board decision and remanded to the board several unit classification petitions filed by Local 400, International Federation of Technical and Professional Engineers (union). After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the issues raised in this petition for certiorari will be summarily decided.

The essential facts of this case are not in dispute. In 1995 and 1996 the union filed several unit classification petitions with the board, seeking the accretion of several positions into an already-existing bargaining unit in the Rhode Island Department of Transportation (department). In February 1997, the board issued a ruling granting the petitions for certain positions and denying the petitions to accrete other positions into the department's bargaining unit. On March 13, 1997, the union filed a complaint in Superior Court, alleging that the board had denied the petitions without any hearing, formal or informal. The complaint sought reversal of the denial or, alternatively, a remand to the board for further proceedings.

The board subsequently admitted that it had erred in denying the petitions without any hearing and thereafter held an informal hearing on March 27, 1998. The union participated in this hearing. The board met in April and June 1998 to review the

record and granted the petitions for some positions, but denied the petitions for eleven other positions. The union continued to pursue its complaint in the Superior Court, and on August 24, 1998, filed a motion to remand the petitions for a formal hearing before the board. The trial justice accepted the union's argument that a formal hearing is required in all petitions for unit classification, and he ordered that the petitions be remanded to the board for a formal hearing. The board filed a petition for certiorari on December 16, 1998, and the writ was issued on May 28, 1999.

The sole question before us in this case is whether the trial justice was correct in concluding that a formal hearing must be held to consider *all* petitions for unit classification, as the union contends, or whether the statutes at issue should be construed to permit a petition to be dismissed after an informal hearing, as the board contends. This is an issue purely of statutory interpretation in which this Court is the final arbiter, *State v. Flores,* 714 A.2d 581, 583 (R.I.1998), and we review *de novo* a trial justice's findings on questions of statutory construction. *Town of Warren v. Thornton–Whitehouse,* 740 A.2d 1255, 1259 (R.I.1999). In construing statutes, our purpose is "to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Dias v. Cinquegrana,* 727 A.2d 198, 199–200 (R.I.1999) (quoting *Brennan v. Kirby,* 529 A.2d 633, 637 (R.I.1987)). If the statutory language is clear and unambiguous, "this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings" in determining the Legislature's intent. *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1226 (R.I. 1996). Our task here requires the interpretation of different statutory provisions *in pari materia,* and our goal remains that of construing the laws "such that they will harmonize with each other and be consistent with their general objective scope."

*In re Doe,* 717 A.2d 1129, 1132 (R.I.1998) (quoting *Blanchette v. Stone,* 591 A.2d 785, 786 (R.I.1991)). Further, when "two apparently inconsistent provisions are contained in a statute, every effort should be made to construe and apply the provisions as consistent." *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire,* 637 A.2d 1047, 1051 (R.I.1994).

There are two provisions of the Rhode Island State Labor Relations Act, G.L. 1956 chapter 7 of title 28, that we must consider. The union found support for its position in § 28–7–9(b)(5), which provides that:

> "[a]ll charges of unfair labor practices and petitions for unit classification shall be informally heard by the board within thirty (30) days upon receipt of the charges. Within sixty (60) days of the charges or petition the board shall hold a formal hearing. A final decision shall be rendered by the board within sixty (60) days after hearing on the charges or petition is completed and a transcript of the hearing is received by the board."

The trial justice found that under the plain language of this provision, the board was required to hold a formal hearing to consider every petition for unit classification. In making that determination, he relied on *State Department of Corrections v. Rhode Island State Labor Relations Board,* 703 A.2d 1095, 1097 (R.I.1997), in which this Court held that the board's practice of holding a formal hearing before granting classification petitions only when the employer requested such a hearing was a clear violation of § 28–7–9(b)(5). But by applying the provisions of § 28–7–9(b)(5) as construed by this Court in *State Department of Corrections* to the case now before us, the trial justice in effect ignored § 28–7–9(d), which provides:

> "The provisions of this section shall not be construed to prevent or limit the board or its agents by direction of the board, consistent with published rules and regulations, from *dismissing, after*

*investigation and informal hearings,* either the unfair labor practices charge or the unit classification petition. The board or its agents shall maintain a written record of any dismissals." (Emphasis added.)

This provision, enacted in 1989, P.L.1989, ch. 283, § 1, plainly and unambiguously permits unit classification petitions to be dismissed after an informal hearing. The trial justice apparently determined that this provision was inconsistent with our holding in *State Department of Corrections* and thereby found that § 28–7–9(d) was implicitly nullified.

█ It is our opinion, however, that there is no conflict between § 28–7–9(b)(5) and § 28–7–9(d). The latter statute does not "prevent or limit the board" from considering unfair labor practice charges and unit classification petitions "after investigation and informal hearings." *Id.* It is unequivocally clear that after such an informal hearing, the board is free to dismiss the charge or petition with no further proceedings. Only in the event that the board's preliminary decision is to prosecute the charge or grant the petition is a formal hearing required. § 28–7–9(b)(5). When so interpreted, the two sections are wholly consistent and harmonious with each other.

In construing these provisions, we are mindful that "[t]his [C]ourt has long applied a canon of statutory interpretation which gives effect to all of a statute's provisions, with no sentence, clause or word construed as unmeaning or surplusage." *Rhode Island Department of Mental Health, Retardation, and Hospitals v. R.B.,* 549 A.2d 1028, 1030 (R.I.1988). The trial justice's interpretation of these two statutory provisions rendered § 28–7–9(d) meaningless because his interpretation stripped the board of any authority to dismiss a charge or petition after an informal hearing. Additionally, the trial justice's interpretation also rendered meaningless that portion of § 28–7–9(b)(5) providing for informal hearings. If a formal hearing were mandatory in every case, there would exist no reason to require the board, the union, and the employer to spend time and energy on the informal hearing process after which the board has no discretion to dismiss the charge or petition. We will not construe a statute to reach such an absurd result, *Flores,* 714 A.2d at 583, given the clarity of the two sections.

█ Therefore, it is our conclusion that the board may dismiss a unit classification petition after an investigation and informal hearing, consistent with published rules and regulations. Because neither party has challenged whether the informal hearing in this case complied with published rules, we deem the issue waived.

For these reasons, the board's petition for certiorari is granted. We quash the order of the Superior Court and remand the papers in the case to the Superior Court with our opinion endorsed thereon and with our direction that a proper order be entered in accordance with this opinion.