DECISION ON REASSESSMENT OF DAMAGES
Before the Court is an appeal by Brown University (appellant) from a decision of the Rhode Island Commission for Human Rights (Commission), reassessing damages in the above-entitled case. In its decision after remand from this Court, the Commission awarded compensatory damages in the amount of $15,000 to Charlotte King (complainant). Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 Facts/Travel
The complainant worked for the appellant as a project inspector and materials supervisor from June of 1989 until August 24, 1990, when the complainant was laid off. In October of 1990, the complainant applied to the appellant for the posted position of carpenter. According to the appellant's internal hiring policies, the complainant was entitled to a preference both because of her status as an internal candidate and as a female candidate applying for a position underutilized by females. Subsequent to her interview for the carpenter position, complainant learned that another applicant had been selected.
On October 4, 1991, the complainant filed a charge with the Commission alleging unlawful discrimination. The Preliminary Investigating Commissioner found probable cause to believe that the appellant had unlawfully denied employment to the complainant on the basis of her sex pursuant to G.L. 1956 § 28-5-7. The Commission held seventeen hearings between April 7, 1993 and March 16, 1994.
In its decision entered on August 4, 1995, the Commission found that the appellant had "discriminated against the complainant with respect to hire because of her sex." The Commission also found that the reasons proffered by appellant for not hiring the complainant were a pretext for discrimination. Although the Commission found that the selected applicant had more experience in carpentry, it determined that, based on the complainant's status as a female and an internal applicant, she was a better qualified applicant than the selected applicant. The Commission found that the appellant had committed an unlawful employment practice in violation of G.L. 1956 § 28-5-7.
On August 30, 1995, the appellant filed an appeal from the Commission's decision pursuant to G.L. 1956 § 42-35-15. After a review of the entire record, this Court affirmed the Commission's determination that the appellant discriminated against the complainant with respect to hire because of her sex. However, this Court found that the Commission erroneously decided the matter under the "pretext" analysis rather than the "mixed-motive" analysis. Accordingly, this Court reversed the Commission's award of remedies which were clearly erroneous in light of the reliable, probative, and substantial evidence on the whole record. In light of its finding of an unlawful practice pursuant to G.L. 1956 § 28-5-7.3, this Court remanded the matter to the Commission for reassessment of damages.
Subsequently, the Rhode Island Supreme Court denied the complainant's petition for writ of certiorari and remanded the matter to the Commission.
Upon remand, the Commission held a hearing on the reassessment of damages. After hearing from the parties on whether the record should be reopened, the Commission, over appellant's objection, allowed the complainant's testimony in support of her claim for emotional distress. The complainant testified that she felt hurt by the appellant's actions and that the hurt became anger and rage, which affected her performance on job interviews. At the conclusion of the hearing, the Commission instructed the parties to submit memoranda on the issue of damages. The Commission, in its Decision and Order on the Reassessment of Damages entered on December 21, 1999 (Decision), awarded the amount of $15,000 to the complainant as compensation for her pain and suffering.
On January 18, 2000, the appellant filed the subject appeal from the Commission's decision.
The appellant contends that the Commission's conduct on remand exceeded this Court's manifest intent in remanding the case. Specifically, the appellant asserts that this Court directed the Commission to reassess damages and did not direct the Commission to reopen the evidentiary hearings which had concluded in 1994. According to the appellant, the reopening of the evidentiary hearings "so far after the fact is presumptively prejudicial and unfair." The appellant further argues that the complainant waived her right to compensatory damages by failing to introduce evidence of pain and suffering at the previous hearings. The appellant also contends that even if the appellant did not waive her right to compensatory damages, the evidence presented was legally and factually insufficient to support the award of compensatory damages.
 Standard of Review
This Court's review of a decision of the Commission is governed by G.L. § 42-35-15(g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of an agency, a justice of the Superior Court may not substitute his or her judgment for that of the agency board on issues of fact or as to the credibility of testifying witnesses, Mercantum Farm Corp. v. Dutra, 572 A.2d 286, 288 (R.I. 1990) (citing Leviton Mfg. Co. v. Lillibridge, 120 R.I. 283, 291, 387 A.2d 1034, 1038 (1978)); Center for Behavioral Health, Rhode Island, Inc. v. Barros,710 A.2d 680, 684 (R.I. 1998), where substantial evidence exists on the record to support the board's findings. Baker v. Department of Employment and Training Board of Review, 637 A.2d 360, 366 (R.I. 1994) (citing DePetrillo v. Department of Employment Security, 623 A.2d 31, 34 (R.I. 1993); Whitelaw v. Board of Review, Department of Employment Security, 95 R.I. 154, 156, 185 A.2d 104, 105 (1962)). Findings of fact by an agency board "are, in the absence of fraud, conclusive upon this court if in the record there is any competent legal evidence from which those findings could properly be made." Mercantum Farm, 572 A.2d at 288 (citing Leviton, 120 R.I. at 287, 387 A.2d at 1036-37).
Legally competent evidence is "marked `by the presence of `some' or `any' evidence supporting the agency's findings.'" State v. Rhode Island State Labor Relations Board, 694 A.2d 24, 28 (R.I. 1997) (citing Environmental Scientific Corp. v. Durfee, 621 A.2d 200, 208 (R.I. 1993)).
 Reopening of the Evidentiary Hearing
According to the appellant, the Commission followed unlawful procedure, abused its discretion, and committed reversible error by reopening the record on remand and allowing the complainant to introduce evidence of emotional distress for the first time. The appellant contends that the Commission's conduct on remand exceeded this Court's "manifest intent in remanding the case." The appellant asserts that this Court did not direct or imply that the Commission was to reopen the evidentiary hearings to receive new evidence. Additionally, the appellant argues that the complainant was aware that G.L. 1956 § 28-5-24
allowed for the award of compensatory damages and therefore waived her right to damages for pain and suffering by failing to offer evidence on that issue at the original hearing.
In the instant matter, after this Court affirmed the Commission's decision which found that the appellant had engaged in a discriminatory practice, the case was remanded to the Commission for reassessment of damages. The Commission interpreted "the Superior Court Order to require the Commission to determine the amount of damages, again." (Decision at 3.) Because the award of damages was "to be determined anew," the Commission reasoned that it was appropriate to allow the parties to present additional evidence on damages, and that the "[a]dditional evidence [would] help . . . to untangle the issues." See Id. Additionally, the Commission acknowledged that its own Rules and Regulations allow for the reopening of any proceeding after the parties have been afforded reasonable notice and an opportunity to be heard.[1]
(Decision at 3-4.) The Commission therefore concluded that it was authorized by the court, its own rules and regulations, and the Administrative Procedures Act to take additional evidence on the issue of damages. See Id. at 5.
Rhode Island General Laws § 42-35-15(g) provides that when the Superior Court reviews an agency decision, the court may affirm or reverse the decision or may remand the case for further proceedings. Our Supreme Court has held that the Superior Court's power to order a remand under § 42-35-15(g) is "merely declaratory of the inherent power of the court to remand, in a proper case, to correct deficiencies in the record and thus afford the litigants a meaningful review." Birchwood Realty, Inc. v. Grant, 627 A.2d 827, 834 (R.I. 1993) (citing Lemoine v. Department of Mental Health, Retardation, and Hospitals, 113 R.I. 285, 290, 320 A.2d 611, 614 (1974)). The court may remand to the agency being reviewed "if there is a showing that the evidence to be submitted is material and there was good reason for the failure to present it when the controversy was at the administrative level." See A.J.C. Enterprises, Inc. v. Pastore, 473 A.2d 259, 263 (R.I. 1984).
Although this Court's remand order did not explicitly state that the Commission should hear and consider new evidence, this Court's decision evidences that intent. The matter was remanded because, through no fault of the complainant, the Commission based its award of damages upon its erroneous determination that the appellant had engaged in "pretext" rather than "mixed motive" discrimination.
Because the evidence adduced at the original hearing concerned "pretext" — type remedies designed to bring the complainant to the position which she would have occupied but for the appellant's illegal act, the issue of pain and suffering was not addressed. See Selgas v. American Airlines, Inc., 104 F.3d 9, 12 (1st Cir. 1997).
Pursuant to Super. R. Civ. P. 54(c), a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled even if the party has not demanded such relief in the party's pleadings." More specifically, pursuant to the Fair Employment Practices Act, "both the commission and the Superior Court possess the power to award the employee remedies in lieu of or in addition to those remedies specifically requested." FUD's Inc. v. State, 727 A.2d 692, 695 (R.I. 1999). In her August 1992 complaint before the Rhode Island Commission for Human Rights, the complainant requested that the Commission "grant her such relief as shall be just and proper." (Complaint, 92 EAG 071-06/06)
Although this Court vacated the damages initially awarded to the complainant, she may have been entitled to compensatory damages pursuant to G.L. 1956 § 28-5-7.3(b). The Commission therefore reopened the record to receive evidence in regard to that issue. In Troutbrook Farm, Inc. v. DeWitt, 611 A.2d 820 (R.I. 1992), also on remand for reassessment of damages, a trial justice properly held evidentiary hearings to redetermine damages, and such hearings included evidence not initially presented at the first hearing.
Additionally, the Commission is authorized to reopen a record pursuant to its own Rule 13. At the hearing on the reassessment of damages, the parties were afforded the opportunity to be heard on the issue of whether the record should be reopened to receive additional evidence related to the complainant's emotional distress. After considering the respective positions of the parties, the Commission determined that the presentation of additional evidence was in the interest of justice since it would help to "untangle the issues." (Decision at 3.) On remand, the agency may determine both whether a hearing would be `productive' and whether additional evidence would be "helpful." Charles Koch, Administrative Law and Practice § 8.31 at 523 (1997) (citing Cross-Sound Ferry Services, Inc. v. I.C.C., 934 F.2d 327, 332 (D.C. Cir. 1991)). The Commission's decision to reopen the record was not made upon unlawful procedure.
Accordingly, this Court finds that the Commission's decision to reopen the record did not constitute an error of law or abuse of discretion, and was not made upon unlawful procedure. Substantial rights of the appellant have not been prejudiced.
 Sufficiency of the Evidence
The appellant further contends that the Commission's award of compensatory damages to the complainant was clearly erroneous in light of the evidence of record. Specifically, the appellant asserts that the Commission should have rejected the complainant's scant evidence as insufficient and inherently incredible. According to the appellant, complainant's emotional distress claim lacks corroboration,[2] and her failure to testify about her emotional distress at the original hearing renders her subsequent testimony highly suspect. The appellant also contends that the complainant's testimony was unclear and contradictory.
This Court may not reverse factual conclusions of an administrative agency unless they are totally devoid of any competent evidentiary support in the record. Santini v. Lyons, 448 A.2d 124, 129 (R.I. 1982). This Court's inquiry "is limited to determining whether the record reflects evidence, or reasonable inferences that may be drawn therefrom, to support the findings of the tribunal whose decision is being reviewed." See Guarino v. Department of Social Welfare, 410 A.2d 425, 428 (R.I. 1980). Judicial deference to an administrative agency decision is proper and necessary when the agency's decision is based on highly specialized knowledge of a particular matter within the agency's expertise. Robert E.
Derecktor of Rhode Island, Inc. v. United States, 762 F. Supp. 1019, 1022 (D.R.I. 1991).
"The adequacy of damages for pain and suffering, however, is determined by an exercise of [the Commission's] judgment and an application of . . . experience in the affairs of life and [the] knowledge of social and economic matters." Kelaghan v. Roberts, 433 A.2d 226, 230 (R.I. 1981) (citing Quince v. State, 94 R.I. 200, 204-05, 179 A.2d 485, 487 (1962)). Furthermore, with respect to an award of a specific amount for damages, our Supreme Court has stated that "no mathematical formula exists for awarding plaintiff damages for his or her pain and suffering, which is in the nature of compensatory damages." Trainor v. Town of North Kingstown, 625 A.2d 1349, 1350 (R.I. 1993). Furthermore, pursuant to § 28-5-24 (b), "[t]he complainant shall not be required to prove that he or she has suffered physical harm or physical manifestation of injury in order to be awarded compensatory damages."
After considering the evidence before the Commission, this Court cannot find that the Commission misconceived or overlooked material evidence or was otherwise clearly wrong. It is undisputed that the Commission, having found that the appellant engaged in discrimination, had the authority to award compensatory damages. Even though complainant's testimony lacked evidence of physical manifestations of pain and suffering or counseling intervention, the Commission determined that the amount of $15,000 sufficiently compensated the complainant for her emotional distress. The Commission stated that the complainant "testified that the discrimination left her hurt, which led to anger, that the anger still continue[d], that she found the emotions to be `almost paralyzing,' that she was still working to regain her confidence, and that the discrimination `cut [her] off at the knees.'" (Decision and Order of the Commission at 6.) The complainant further testified that she was unable to appear for several scheduled job interviews, and also that when she actually attended an interview, she "went in with fear." (Tr. of 3/3/98 at 13.) Accordingly, the Commission's finding that the complainant was entitled to compensation for the pain and humiliation caused by the appellant's discriminatory act and its determination of compensatory damages based on said evidence before it was not clearly erroneous.
After a review of the entire record, this Court finds that the Commission's award of compensatory damages was not clearly erroneous, and was supported by the reliable, probative, and substantial evidence of record. Accordingly, the Commission's award of compensatory damages is affirmed.
Counsel shall prepare the appropriate judgment for entry in accordance herewith.
[1] Rule 13 of the Rules and Regulations of the Commission for Human Rights provides that "[t]he Commission, on its own motion, whenever justice so requires, and after reasonable notice and opportunity to be heard have been given to all the parties, may reopen any proceeding and take such action as it may deem necessary. . . ."
[2] The appellant submits that the complainant did not seek any counseling or treatment of any kind.