DECISION
Before this Court is the Newport School Committee's (Committee) consolidated appeal of the Rhode Island State Labor Relations Board's (Board) dismissal of a petition for unit classification without conducting a formal hearing. Jurisdiction is pursuant to G.L. 1956 §42-35-15.
 Facts/Travel
On May 11, 1995, the Committee contacted the Board to request a unit classification, in which it sought to have several positions, including Director of Media Services and Director of Counseling Services, removed from their bargaining unit.
The Board conducted informal hearings on the petition on November 13, 1996, and January 6, 1997. On September 18, 1997, the Board determined that the positions of Director of Media Services and Director of Counseling Services were appropriately included in the bargaining unit, and the Committee's request was dismissed. On September 23, 1997, the Committee appealed the dismissal, and requested a formal hearing of the Board. On October 21, 1997, the Board denied the Committee's formal hearing request.
On November 20, 1997, the Committee appealed the Board's action to this Court (case number NC97-505). Then, on December 19, 1997, the Committee filed a motion for reconsideration with the Board, arguing that a recent Rhode Island Supreme Court holding (State of Rhode Island, Department of Corrections v. Rhode Island Labor Relations Board, 703 A.2d 1095 (R.I. 1997)) directed the Board to conduct a formal hearing. On February 26, 1998, the Board denied the Committee's request for reconsideration. On March 20, 1998, the Committee appealed the refusal to reconsider to this Court (case number NC98-129). On October 1, 1998, the two appeals were consolidated.
 Standard of Review
The review of a decision of the Board by this Court is controlled by G.L. 1956 § 42-35-15(g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of an agency, a justice of the Superior Court may not substitute his or her judgment for that of the agency board on issues of fact or as to the credibility of testifying witnesses, Mercantum Farm Corp. v. Dutra, 572 A.2d 286, 288 (R.I. 1990) (citing Leviton Mfg. Co. v. Lillibridge, 120 R.I. 283, 291, 387 A.2d 1034, 1038 (1978)); Center for Behavioral Health, Rhode Island, Inc.v. Barros,710 A.2d 680, 684 (R.I. 1998), where substantial evidence exists on the record to support the board's findings. Baker v. Department of Employment and Training Board of Review, 637 A.2d 360, 366 (R.I. 1994) (citing DePetrillo v. Department of Employment Security, 623 A.2d 31, 34 (R.I. 1993); Whitelaw v. Board of Review, Department of Employment Security,95 R.I. 154, 156, 185 A.2d 104, 105 (1962)). Findings of fact by an agency board "are, in the absence of fraud, conclusive upon this court if in the record there is any competent legal evidence from which those findings could properly be made." Mercantum Farm, 572 A.2d at 288 (citing Leviton, 120 R.I. at 287, 387 A.2d at 1036-37). Legally competent evidence is "marked `by the presence of `some' or `any' evidence supporting the agency's findings.'" State v. Rhode Island State Labor Relations Board, 694 A.2d 24, 28 (R.I. 1997) (citing Environmental Scientific Corp. v. Durfee, 621 A.2d 200, 208 (R.I. 1993)).
 Contested Case
The Committee argues that it has the statutory right to a formal hearing on the merits of its petition. The Committee asserts that pursuant to G.L. 1956 §§ 28-7-9(b)(5) and 28-7-16, the Board is required to grant a formal hearing before ruling on a petition for unit classification. Specifically, the Committee contends that our Supreme Court in Department of Corrections held that § 28-7-9(b)(5) directed the Board to conduct formal hearings on petitions for unit classifications. 703 A.2d at 1097.
Furthermore, the Committee argues that § 28-7-16 creates an independent right to a formal hearing in controversies concerning the representation of employees.
The Board argues that a formal hearing must occur only when a party's rights are determined by the Board. It contends that in this "removal action," in which the Committee seeks to have the positions removed from the bargaining unit, the Board did not determine the rights of a party. Therefore, the Board asserts that the petition for unit classification before it was not the type of proceeding that would require a formal hearing.
The two pertinent provisions of section 9 of the Rhode Island State Labor Relations Act, G.L. 1956 chapter 7 of title 28, are §§28-7-9(b)(5) and (d). Section 28-7-9(b)(5) states:
 All charges of unfair labor practices and petitions for unit classification shall be informally heard by the board within thirty (30) days upon receipt of the charges. Within sixty (60) days of the charges or petition the board holds a formal hearing. A final decision shall be rendered by the board within sixty (60) days after a hearing on the charges or petition is completed and a transcript of the hearing is received by the board.
Section 28-7-9(d) states:
 This section shall not be construed to prevent or limit the board or its agents by direction of the board, consistent with published rules and regulations, from dismissing, after investigation and informal hearings, either the unfair labor practices charge or the unit classification petition. The board or its agents shall maintain a written record of any dismissals.
Our Supreme Court in Local 400, International Federation of Technical and Professional Engineers v. Rhode Island State Labor Relations Board,747 A.2d 1002 (R.I. 2000), addressed an almost identical question to the one at bar. In Local 400, a union filed several unit classification petitions, seeking to accrete several positions into an already existing unit. (Here the employer is petitioning for removal of positions.) The Board in Local 400 denied the union's petition without conducting a formal hearing. A justice of the Superior Court reversed the Board's decision. The Board petitioned the Supreme Court for certiorari, which it granted, holding that the Board, pursuant to § 28-7-9(d), may dismiss a petition for classification after an informal hearing has been conducted. Id. at 1005. The court held that the mandate of a formal hearing found in § 28-7-9(b)(5) applies only in the event that the Board's "preliminary decision is to prosecute the charge or grant the petition." Id.
In light of the Supreme Court's decision in Local 400, this Court finds that the Board was authorized by statute to dismiss the petition without conducting a formal hearing, since the Board here did not decide to grant the Committee's petition. Furthermore, this Court finds no merit to the Committee's argument that § 28-7-16 creates an independent right to a formal hearing in this matter.
Section 28-7-16 applies to representation controversies, not unit classifications.
After a review of the entire record this Court finds that the Board's dismissal of the Committee's petition, without conducting a formal hearing, is not affected by error of law. Substantial rights of the Committee have not been prejudiced. Accordingly, the decision of the Board is affirmed.
Counsel shall submit an appropriate order for entry.