DECISION
Before this Court is the Newport School Committee's (Committee) appeal of a decision of the Rhode Island State Labor Relations Board (Board). Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 Facts/Travel
On May 16, 1991, the Rhode Island Council #94 A.F.S.C.M.E, Local #841 (Union) filed an unfair labor practice charge with the Board against the Committee, alleging that the Committee had created an employment position without negotiating wages, hours, and conditions of employment for the position. The Board conducted an informal meeting with the Committee and the Union on June 11, 1991, in an effort to resolve the charge. The meeting did not resolve the charge, and on November 6, 1991, the Board issued a complaint against the Committee, alleging that it violated G.L. 1956 § 28-7-13 by creating a position without negotiating wages, hours, and conditions of employment.[1]
On May 11, 1992, the Board conducted a formal hearing on the complaint. The hearing continued to March 31, 1993. On December 21, 1993, the Board issued a Decision and Order (Decision) based on the hearings. In the Decision, the Board made several findings of fact and a conclusion of law. See Decision, pages 6 and 7. Pertinent to this appeal, the Board found that the Committee, prior to April 29, 1991, created the position and established its hours of work and salary without negotiating with the Union, thus violating the mandates of G.L. 1956 § 28-7-13(6) and (10).[2] The Board ordered the Committee to "engage in collective bargaining with the Union involving salaries, hours of work and other benefits for the position[.]" Id.
On January 19, 1994, the Committee filed a petition seeking to have this Court set aside the decision of the Board. By May 24, 1996, all parties submitted briefs for the Court's consideration in this matter.
 Standard of Review
This Court's review of a decision of the Board is controlled by G.L. 1956 § 42-35-15(g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of the Board, this Court may not substitute its judgment for that of the Board on issues of fact or as to the credibility of testifying witnesses, Mercantum Farm Corp. v. Dutra,572 A.2d 286, 288 (R.I. 1990) (citing Leviton Mfg. Co. v. Lillibridge,120 R.I. 283, 291, 387 A.2d 1034, 1038 (1978)); Center for Behavioral Health, Rhode Island, Inc. v. Barros, 710 A.2d 680, 684 (R.I. 1998), where substantial evidence exists on the record to support the Board's findings. Baker v. Department of Employment and Training Board of Review, 637 A.2d 360, 366 (R.I. 1994) (citing DePetrillo v. Department of Employment Security, 623 A.2d 31, 34 (R.I. 1993); Whitelaw v. Board of Review, Department of Employment Security, 95 R.I. 154, 156, 185 A.2d 104, 105 (1962)). Findings of fact by an agency board "are, in the absence of fraud, conclusive upon this court if in the record there is any competent legal evidence from which those findings could properly be made." Mercantum Farm, 572 A.2d at 288 (citing Leviton, 120 R.I. at 287, 387 A.2d at 1036-37). Legally competent evidence is "marked `by the presence of `some' or `any' evidence supporting the agency's findings.'" State v. Rhode Island State Labor Relations Board, 694 A.2d 24, 28 (R.I. 1997) (citing Environmental Scientific Corp. v. Durfee, 621 A.2d 200, 208 (R.I. 1993)).
 Analysis
In its decision, the Board found that on April 29, 1991, a collective bargaining agreement (CBA) existed between the Committee and the Union that required the Committee to bargaining with the Union over salaries, hours, and conditions of employment for all employees in the bargaining unit. See Decision, page 6. Moreover, the Board found that the Committee, despite the requirements of the CBA, created a position and established its hours, salary, and conditions of employment, without engaging in negotiations with the Union. See Id. As such, the Board found the Committee to be in violation of G.L. 1956 § 28-7-13(6) and (10).
The Committee argues that a "Comparable Worth Committee (CWC)," created by the terms of the 1988-1991 CBA, and implemented by the 1991-1994 CBA, determined the newly created position's salary, hours, and terms of employment. The Committee asserts that this CWC was the product of lengthy negotiations between the Committee and the Union, and that its intended function was to do exactly what it had done in this instance — set the salary for a position. The Committee also points out that the CWC consists of both management and union members. Furthermore, the Committee states that the president of the Union and the Director of Administration Services had discussions concerning the new position's creation, its duties, and its compensation. They agreed that the CWC would ultimately determine the salary of the position. As such, according to the Committee, the Union and the Committee negotiated the creation of the position.
The Committee also believes that the Board exceeded its jurisdiction by addressing an issue in its decision that was beyond the scope of the Union's complaint to the Board. Specifically, the Committee points out that the Board made a finding of fact in its decision that the Committee violated state law by eliminating two bargaining unit positions without prior negotiations. See Decision, page 7 (Finding of fact #9). This was beyond the scope of the Union's charge and the Board's subsequent complaint, the Committee asserts, because those pleadings never addressed the elimination of any positions.
The Board found as a matter of fact that the position in question was created by April 29, 1991. The Board reached this conclusion based on evidence presented before it that the Committee had posted a vacancy announcement for the position on that date. In addition, the Board found that the Committee had established the terms of employment and salary for the position by that date as well, since the announcement contained information concerning those matters. See Decision, page 4. The Committee has not demonstrated to this Court that the Board's finding that the position was created by April 29, 1991 is not supported by the competent evidence of record. Thus, this Court must accept the Board's finding.
The Board further determined that it was impossible for the CWC to control the salary of the position, because the CWC was not implemented until July 1, 1991 (the date the 1991-1994 CBA became operative) — several months after the position was created. For this reason, the Board did not accept the Committee's argument that through the CWC the Union and the Committee negotiated the salary of the position. Again, the Committee has failed to demonstrate to this Court that the Board's finding that the CWC was implemented on July 1, 1991 was not supported by the evidence of record. Therefore, this Court must accept that finding, as well as the Board's conclusion that it would have been impossible for the CWC to have set the salary for a position that was created, with a salary, before the CWC began operating.
Also, the Board did not accept the Committee's argument that the Director of Administration Services and the Union's president engaged in negotiations concerning the creation of the position, prior to April 29, 1991. Contrary to the Committee's allegations, the Union's president testified before the Board that the Director did mention the elimination of certain positions, but did not negotiate the creation, terms of employment, or salary of a new position with him. The Board accepted the president's testimony, and rejected the Committee's version of the events. As stated above, when reviewing a decision of the Board, this Court may not substitute its judgment for that of the Board on issues of fact or as to the credibility of testifying witnesses. Mercantum Farm Corp. v. Dutra, 572 A.2d 286, 288 (R.I. 1990). Here, the Board chose to accept the Union's testimony rather than the Committee's, as it related to discussions between the Director and the Union President prior to April 29, 1991. The Board's finding that the Committee unilaterally created the position, as well as its salary and terms of employment, are supported by the competent evidence of record. This Court will not disturb the finding.
As noted above, the Committee also argues that the Board exceeded its jurisdiction by finding that the Committee committed an unfair labor practice when it eliminated two positions. Findings of fact #8 and #9 in the Board's decision state the Committee violated the state's Labor Relations Act by eliminating the two positions of "Grant Programs Bookkeeper" without negotiating with the Union. While those findings may have exceeded the complaint before the Board, they have not prejudiced the Committee in any way. The Board's Order, on page 7 of the Decision, solely addresses the Committee's lack of bargaining in the creation of the new position in question, and is silent as to remedying any violation that may have occurred as the result of positions being eliminated. Findings of fact #8 and #9 are merely dicta. Thus, substantial rights of the Committee have not been affected by the findings.
After a review of the entire record this Court finds that the Board's Decision, which orders the Committee to "engage in collective bargaining with the Union involving salaries, hours of work and other benefits for the position of `Accounts Payable Bookkeeper,'" is supported by substantial, reliable and probative evidence of record, and is not affected by error of law. Substantial rights of the Committee have not been prejudiced. Accordingly, the Decision of the Board is affirmed.
Counsel shall submit an appropriate order for entry.
[1] The position, titled "Accounts Payable Bookkeeper," will be referred to in this Decision as "the position."
[2] § 28-7-13(6)(10) read:
It shall be an unfair labor practice for an employer:
(6) To refuse to bargain collectively with the representatives of employees, subject to the provisions of §§ 28-7-14 — 28-7-19, except that the refusal to bargain collectively with any representative shall not, unless a certification with respect to the representative is in effect under §§ 28-7-14 — 28-7-19, be an unfair labor practice in any case where any other representative, other than a company union, has made a claim that it represents a majority of the employees in a conflicting bargaining unit.
(10) To do any acts, other than those already enumerated in this section, which interfere with, restrain or coerce employees in the exercise of the rights guaranteed by § 28-7-12.